## Edward C. Williams, Adm'r, v. A. B. Ansbacher & Co.

1. FORMER DECISION—*Governs the Case.*—The opinion in the case of Edward C. Williams v. The Sterns Paper Co., *supra*, is decisive of this case.

Claim in Probate.—Trial in the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding. Finding and judgment for claimant. Appeal by the administrator. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded, with directions. Opinion filed October 21, 1898.

BANGS, WOOD & BANGS, attorneys for appellant.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This cause is, in its essential features, like the case of the same appellant against Sterns Paper Co. in this court, in which an opinion is filed herewith, *supra.* The only difference in the record which we deem it material to here refer to, is that in this case most of the important facts are embodied in a stipulation by the parties. That stipulation is as follows, to wit:

"STATE OF ILLINOIS, } ss.
    County of Cook. }
            In the Circuit Court of Cook County.
In re Estate of GEO. E. LLOYD, dec'd.
                    Claim of A. B. ANSBACHER & Co.

It is hereby stipulated and agreed by and between the parties hereto that Geo. E. Lloyd was, on the 30th day of January, 1892, at the request of the creditors of the R. S. Dickie Manufacturing Company, which company had theretofore made a voluntary assignment in the County Court of said county, appointed assignee of said R. S. Dickie Manufacturing Company, insolvent, and was upon like request on the same day directed by an order of said County Court to continue the business of said insolvent, as it was deemed advisable to so continue said business for the best interest of the creditors of said insolvent.

That in the course of the continuing of said business under order of said court an indebtedness was created from said insolvent estate to the said A. B. Ansbacher & Company, in the sum of one thousand six hundred one and 40-100 dollars ($1,601.40); that said A. B. Ansbacher & Company filed said claim against said insolvent estate in the said County Court, and had the same allowed therein as a preferred claim against said insolvent estate over the general claims against said insolvent estate, and on the 4th day of May, A. D. 1895, received thereon a dividend from the then assignee of said insolvent estate by order of said County Court, the sum of seven hundred forty-one and 98-100 dollars ($741.98), leaving a balance due upon the said account of nine hundred fifty-four and 42-100 dollars

($954.42). That said claim is for merchandise sold and delivered by said A. B. Ansbacher & Company to said assignee of the Dickie Manufacturing Company, insolvent, while said Lloyd was such assignee, at the instance and request of said assignee.

That said A. B. Ansbacher & Company were at the time of said assignment creditors of the said R. S. Dickie Manufacturing Company; that they, said A. B. Ansbacher & Company, were present at the meeting of the creditors of said company held in January, 1892, and at said meeting with said creditors requested that Mr. Moore, the then assignee of said insolvent, resign, and that George E. Lloyd, the above named decedent, be appointed assignee as successor to Mr. Moore, and that said Lloyd, as such assignee, continue the business of said insolvent, as such course was deemed best for the creditors of said insolvent.

That said A. B. Ansbacher & Company consented to and requested the entry of the orders of January 30, 1892, by the County Court of said county in said insolvent estate, appointing George E. Lloyd assignee of said insolvent, and directing him as such assignee to continue the business of said insolvent.

This is a stipulation as to a part only of the facts involved in the above entitled cause, and either party hereto may introduce evidence in such cause not in conflict with this stipulation.

> Newman, Northrup & Levinson,
> Attorneys for A. B. Ansbacher & Co.
> Bangs, Wood & Bangs,
> Attorneys for estate of George E. Lloyd, deceased."

The record in all important respects, and in addition to the foregoing stipulation, is like the record in said Sterns Paper Co. case. The opinion in that case is referred to and is decisive of this case.

The judgment of the Circuit Court is reversed and the cause remanded, and that court will enter judgment against the appellee.

*Reversed and remanded, with directions.*